UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES PAUL HRAB,

    Plaintiff,

v.

    Hon. Sally J. Berens

    Case No. 1:20-cv-637

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether

there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker may properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on March 2, 2018, alleging that he had been disabled as of September 9, 2016. (PageID.120, 205–11). Plaintiff alleged disability due to torn Achilles tendon, recurring spurs in left foot, chronic inflammation in left leg, sleep apnea, and torn labrum in left shoulder. (PageID.120.) Plaintiff was 48 years old at his alleged onset date and 50 years old

at the time he filed his application. (PageID.119.) Plaintiff graduated from high school and had past relevant work as a set up operator, assembly and manufacturing, maintenance supervisor, RV tech, and parts orderer. (PageID.55, 245.) After Plaintiff's application was denied, he requested a hearing before an Administrative Law Judge (ALJ).

On July 11, 2019, ALJ Robert J. Chavez held a hearing and received testimony from Plaintiff and David Huntington, an impartial vocational expert (VE). (PageID.84–117.) On August 7, 2019, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because he was not disabled from his alleged onset date through the date of the decision. (PageID.47–57.) The Appeals Council denied Plaintiff's request for review on June 2, 2020. (PageID.37–40.) Therefore, the ALJ's ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432,434 (6th Cir. 2007).

Plaintiff initiated this civil action for judicial review on July 14, 2020.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the Act's insured status requirements through December 31, 2022, and had not engaged in substantial gainful activity since his alleged onset date, the ALJ found that Plaintiff suffered from severe impairments of recurrent labral tear of the left shoulder; chronic pain of the feet; persistent depressive disorder; obesity; and asthma. (PageID.49.) The ALJ found Plaintiff's diabetes and obstructive sleep apnea to be non-severe impairments. (PageID.51.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment

---

must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.51–52.)

The ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that:

> [H]e can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently. He can sit for 6 hours, stand for 2 hours and walk for 2 hours. The claimant can never reach overhead to the left. He can climb ramps and stairs occasionally. The claimant can never climb ladders, ropes or scaffolds. He can stoop frequently, crouch occasionally and never crawl. The claimant can never work at unprotected heights, never moving mechanical parts, and never in dust, odors, fumes and pulmonary irritants. He is able to perform simple, routine and repetitive tasks but not at a production rate (e.g. assembly line work) and is able to perform simple work-related decisions.

(PageID.52.)

At step four, the ALJ found that Plaintiff was unable to perform his past relevant work. (PageID.55.) At step five, the ALJ found that a significant number of jobs existed in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. (PageID.55-56.) The vocational expert had testified that Plaintiff could perform the positions of marker, packing line worker, and mail clerk, but that the packing line worker and mail clerk worker positions would be reduced by 50% to accommodate a reduction in standing and walking to two hours. (PageID.113.) Nonetheless, the ALJ noted that the marker position, which had over 300,000 jobs in the national economy, was unaffected by this limitation. (PageID.56.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (stating that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## **DISCUSSION**

Plaintiff raises the following issues in his appeal: (1) the ALJ failed to consider all of the factors set forth in 20 C.F.R. § 404.1529(c)(3) in evaluating Plaintiff's subjective complaints of

pain; (2) the ALJ's finding that Plaintiff's obstructive sleep apnea (OSA) is a non-severe impairment is not supported by the evidence of record and inconsistent with SSR 85-28; and (3) notwithstanding his finding that Plaintiff suffers from a severe mental impairment, the ALJ's RFC assessment fails to consider the impact of Plaintiff's mental impairment on his functioning, as required by SSR 96-8p. (ECF No. 15 at PageID.622-623.)

### I. Evaluation of Plaintiff's Subjective Symptoms

Plaintiff contends that the ALJ failed to properly evaluate his subjective symptoms. As explained in *Palmer v. Commissioner of Social Security*, No. 1:17-cv-577, 2018 WL 4346819 (W.D. Mich. Aug. 9, 2018), *report and recommendation adopted*, 2018 WL 4334623 (W.D. Mich. Sept. 22, 2018):

> The longstanding two-part analysis for evaluating symptoms applies. 20 C.F.R. § 404.1529(a). "An ALJ must first determine 'whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms.' If such an impairment exists, the ALJ 'must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.'" *Morrison v. Commissioner*, 2017 WL 4278378, at *4 (quoting *Rogers v. Commissioner*, 486 F.3d 234, 247 (6th Cir. 2007)). Relevant factors to be considered in evaluating symptoms are listed in 20 C.F.R. § 404.1529(c)(3). "It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Commissioner*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases); *see also Carsten v. Commissioner*, No. 15-14379, 2017 WL 957455, at *4 (E.D. Mich. Feb. 23, 2017).

*Id.* at *6.

Consistent with prior ruling SSR 96-7p, *see Rogers*, 486 F.3d at 248, SSR 16-3p explains that an ALJ's decision must "contain specific reasons for the weight given to an individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so that the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2017 WL 5180304, at *10. Moreover, the same rules of review apply to an ALJ's assessment of a claimant's symptoms under SSR 16-3p that applied to a credibility assessment

6

under SSR 96-7p. That is, the ALJ's determination must be afforded deference so long as it is supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Id.* The Sixth Circuit has said that an ALJ's "credibility findings may not be disturbed absent compelling reason," and in general, "are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (internal quotation marks omitted).

Plaintiff contends that the ALJ erred by failing to consider the effects of his medications. An ALJ must consider, among other things, "[t]he type, dosage, effectiveness, and side effects of any medication" the claimant has taken to alleviate his pain. 20 C.F.R. §§ 404.1529(c)(3)(iv). Contrary to Plaintiff's argument, however, the ALJ considered Plaintiff's allegation that he gets disoriented when he takes his medicine but discounted this allegation because "medical sources consistently reported that [Plaintiff] was oriented." (PageID.53.) This finding had ample support in the record. (PageID.395, 401, 511, 540, 544.) Moreover, "[a]llegations of a medication's side effects must be supported by objective medical evidence." *Daniels v. Comm'r of Soc. Sec.*, No. 1:07-cv-528, 2008 WL 4394356, at *8 (W.D. Mich. July 29, 2008) (citing *Farhat v. Secretary of Health & Human Servs.*, No. 91-1925, 1992 WL 174540, at *3 (6th Cir. July 24, 1992)). Plaintiff fails to point to any evidence in the record that he reported effects to his medical providers or that they noted that his medications caused the side effects he alleges. *See Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 665–66 (6th Cir. 2004) (where the plaintiff testified that she suffered from dizziness and drowsiness as a result of her medications, the ALJ did not err in finding that she

7

suffered no side effects where her medical records did not show that she reported side effects to her physicians).

Next, Plaintiff contends that the ALJ failed to consider the effects of his migraine headaches which require him to lie down for extended periods. (ECF No. 15 at PageID.632.) But Plaintiff's assertion that the ALJ never even mentioned his migraine headaches is not true, as the ALJ noted that Plaintiff was "treated at the emergency room on August 23, 2017, for anxiety attack and headache and on November 29, 917 [sic] for ocular headache (Exhibit 2F)." (Page ID.50.) In fact, the ALJ cited the same records Plaintiff cites in his brief. (PageID.372–74.) In any event, the ALJ did not err in not including additional limitations for migraines in his RFC determination because Plaintiff failed to show that such limitations were supported. Plaintiff did not list migraines as a condition that limited his ability to work when he filed his DIB application. (PageID.120, 244.) Moreover, when the ALJ asked Plaintiff why he could not work, Plaintiff identified his left arm/shoulder impairment and pain in his feet. (PageID.99.) When the ALJ asked Plaintiff about "anything else," Plaintiff said that he was "probably overweight" and "just the pains" in his feet. (PageID.99–100.) The ALJ cannot be faulted for failing to consider the effects of a condition that Plaintiff never identified as disabling and for which he presented no evidence of ongoing treatment. In sum, the ALJ considered the pertinent factors in evaluating Plaintiff's subjective complaints.

Accordingly, this argument lacks merit.

**II.   Sleep Apnea**

Plaintiff contends that the ALJ erred in finding his OSA to be a non-severe impairment at step two. The ALJ found Plaintiff's diabetes and OSA to be non-severe, noting that his primary care physician had reported that his diabetes was controlled and that Plaintiff had not reported any symptoms from his obstructive sleep apnea. (PageID.51.) Plaintiff testified that he uses a machine with a mask that enables him to get five or six hours of sleep. (PageID.108.)

A "severe impairment" is defined as an "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c); *see also* 20 C.F.R. § 404.1522(a) (defining non-severe impairments). Upon determining that a claimant has one severe impairment, the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). The fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Id.* at 244; *see also Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2007) ("Because the ALJ found that Pompa had a severe impairment at step two of the analysis, the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence."). Because an ALJ must consider the limiting effects of all of a claimant's impairments, SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996); see also 20 C.F.R. § 404.1545(a)(2), the proper inquiry is whether the ALJ considered all of the claimant's impairments. *See Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013). An ALJ's failure to find an additional severe impairment at step two is reversible only if the ALJ fails to "consider[ ] all of a claimant's impairments in the remaining steps of the disability determination." *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007).

The ALJ did not err in finding that Plaintiff's OSA was non-severe for the reasons cited in his decision. Plaintiff points to no evidence that the ALJ overlooked indicating that his OSA caused any work-related limitations. Moreover, the ALJ noted that he considered all of Plaintiff's impairments, including those that were not severe, in determining Plaintiff's RFC. (PageID.51.)

Plaintiff's actual argument is that the ALJ failed to comply with SSR 19-2p by failing to consider the combined effects of his OSA, diabetes, and other obesity-related comorbidities in

9

determining his RFC.[2] However, when discussing the evidence pertaining to his RFC determination, the ALJ expressly noted that "obesity often complicates existing medical problems," and that "[t]he combined effects of obesity with other impairments may be greater than might be expected without the disorder." (PageID.52–53.) Still, the ALJ did not find that Plaintiff's obesity contributed to any limitation on Plaintiff's ability to perform work activities. Plaintiff does not explain what more the ALJ was required to do or what evidence he should have considered that suggested his OSA, in combination with his obesity or any other impairment, warranted additional limitations. The Social Security Administration states that it "will not make general assumptions about the severity or functional effects of obesity combined with another impairment(s)," 2019 WL 2374244, at *5, which is all Plaintiff offers. Instead, it "evaluate[s] each case based on the information in the case record." *Id.* "Plaintiff had the burden of showing specifically how his obesity, in combination with other impairments, limited his ability to a degree inconsistent with the ALJ's RFC determination." *Wagner v. Comm'r of Soc. Sec.*, No. 1:15-CV-558, 2016 WL 1585797, at *6 (W.D. Mich. May 5, 2016). Plaintiff did not meet this burden. *See id.* (noting that the plaintiff failed to point to specific evidence showing that his obesity was more limiting than the RFC). The Court, therefore, finds no error.

## III.    Failure to Consider Impact of Severe Mental Impairment

The ALJ found that Plaintiff had mild limitations in understanding, remembering, or applying information, interacting with others, and adapting or managing oneself, and was moderately limited in concentrating, persisting, or maintaining pace. (PageID.51–52.) The ALJ

---

[2]The Social Security Administration rescinded and replaced SSR 02-1p with SSR 19-2p, which applies to "new applications filed on or after the applicable date of the SSR and to claims that are pending on and after the applicable date." SSR 19-2p, 2019 WL 2374244, at *5 n.14. The applicable date was May 20, 2019. Because Plaintiff's claim was pending at that time, SSR 19-2p applied to the ALJ's determination of his claim.

thus limited Plaintiff to "simple, routine and repetitive tasks but not at a production rate (e.g. assembly line work)," and found that Plaintiff could "perform simple work-related decisions." (PageID.52.)

Plaintiff's argument, as the Court understands it, is that the ALJ should have found Plaintiff moderately limited in the area of adaptation and managing himself based on the opinion of consultative examiner Timothy Strang, Ph.D. The ALJ evaluated the opinion as follows:

> In August 2018, Dr. Strang opined that the claimant may have trouble remembering more complicated procedures, may lose focus if he had to do a task for a significant length of time, had mild limitations with social interactions, and adaption was moderately limited (Exhibit 8F). I find this opinion not persuasive as the claimant only has mild limitations, per his own testimony, and when considering his activities of daily living, in adapting or managing oneself. Clinicians noted that the claimant's mood and affect were normal.

(PageID.54.) The ALJ properly complied with 20 C.F.R. § 404.1520c in assessing Dr. Strang's opinion. Plaintiff argues that his daily activities are far more limited than the ALJ cited in his decision, and he points to his prescriptions for Wellbutrin and Zoloft for his mental disease as proof that he was more limited than the ALJ found. (ECF No. 15 at PageID.636–37.) However, as the ALJ noted in his decision, Plaintiff indicated that he had no problems with his personal care, and his testimony during the hearing did not suggest more than mild limitations in adapting and managing himself. (PageID.52, 53, 103–04, 270–71.) In short, the ALJ's finding regarding Plaintiff's mental limitations was supported by substantial evidence. Plaintiff's argument that the ALJ's finding of mostly mild limitations did not square with his finding of a severe mental impairment lacks merit. "The finding of a severe impairment at step two is a 'de minimis' hurdle and says nothing as to its limiting effects." *Kent v. Comm'r of Soc. Sec.*, No. 1:16-CV-372, 2017 WL 655537, at *5 (W.D. Mich. Feb. 17, 2017) (internal quotation marks omitted) (citing *Simpson v. Comm'r of Soc. Sec.*, No. 1:13-CV-640, 2014 WL 3845951, at *9 (S.D. Ohio Aug. 5, 2014) (citing *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988))). Here, Plaintiff did not allege disability

based on any mental impairment in his application, and he did not indicate any work-related mental problems in his Function Report. (PageID.244, 274.) Nonetheless, the ALJ gave Plaintiff the benefit of the doubt and found that his mental impairment was severe at step two. But it remained Plaintiff's burden to show that his limitations from his impairments were work preclusive, and he failed to meet this burden.

Finally, to the extent Plaintiff contends that the ALJ's hypotheticals to the VE included insufficient limitations, his argument lacks merit. It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Lee v. Comm'r of Soc. Sec.*, 529 F. App'x. 706, 715 (6th Cir. 2013) ("An ALJ is only required to incorporate into a hypothetical question those limitations he finds credible."); *Carrelli v. Comm'r of Soc. Sec.*, 390 F. App'x. 429, 438 (6th Cir. 2010) (noting that "it is...'well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact' ") (quoting *Casey*, 987 F.2d at 1235). The hypothetical questions the ALJ posed to the vocational expert were accurate and were not required to include limitations that the ALJ found unsubstantiated.

Therefore, this argument fails.

## **CONCLUSION**

For the reasons stated above, the Commissioner's decision is **affirmed**. An order consistent with this opinion will enter.

Dated: March 8, 2022                                               /s/ Sally J. Berens
                                                                                       SALLY J. BERENS
                                                                                       U.S. Magistrate Judge